Argued September 13; affirmed October 2, 1934

## JACKSON v. JACKSON
(36 P. (2d) 178)

*Frederick H. Drake* and *James S. Gay, Jr.,* both of Portland (Hodges & Gay, of Portland, on the brief), for appellant.

*Allen & Roberts* and *B. G. Skulason,* all of Portland, for respondent.

BELT, J. This is a suit for separate support and maintenance. From a decree awarding the plaintiff $90 per month, the right of occupancy of the home now occupied by her, and the sum of $250 attorney fees, the defendant appeals.

The vital question in the case is whether the defendant has adequately supported his wife and children. These parties were married in 1911. As a result

of this marriage, two fine children were born—a boy and a girl—who are now respectively 17 and 19 years of age. Happiness and contentment prevailed in the home until the defendant became infatuated with another married woman. It is the old, old story of the eternal triangle. Defendant left his good wife and children without cause in 1922, and took up his abode with the woman who was not content to live with her own husband. Defendant says that he merely roomed and boarded with her. The record, however, discloses a far more intimate relation. No reasonable-minded person could read the evidence and conclude that the defendant was in court with clean hands. In 1923, the defendant instituted a suit for divorce against his wife, charging her with desertion and cruel and inhuman treatment. After hearing upon the merits, this suit was dismissed in June, 1926. Thereupon, the plaintiff commenced the present suit for support and maintenance. The defendant has countered with a cross-complaint asking that he be relieved from the bonds of matrimony.

The mere fact that defendant has, pursuant to order of the court, paid the plaintiff a large amount of money during the 15 years that they have lived apart is not a defense. The more pertinent inquiry is: Has the defendant supported his wife and children in keeping with his social position and earning capacity? In other words, has he given her the adequate support which the law contemplates? Defendant is the head of an executive department of the Pacific Telephone and Telegraph Company in Portland and earns an average salary of $183 per month. As lieutenant-colonel in the Oregon National Guard he receives quarterly the

sum of $90.83, most of which he says must be spent properly to maintain his position in that organization. At the time of trial he had not complied with the last order of court and was in arrears $450. The court recognizes the difficulty of maintaining two homes, but this does not relieve the defendant of his obligations to his wife and children. Defendant is a man of ability and has, no doubt, many splendid qualities as evidenced by his rapid progress from a buck private to the high position which he now occupies in the National Guard. He is also a trusted and efficient employee of the telephone company. It would seem that, even at this late date, common sense and conscience should dictate that he return to his wife and children who still love him. Certainly the defendant has not the mere shadow of grounds for a divorce. A careful examination of the record leads us to the conclusion that the decree of the lower court is just and equitable. We could add page after page of the testimony substantiating this conclusion, but it would not glorify the reports nor the parties affected.

Some precedural questions are discussed in the briefs but we deem them unimportant. We have preferred to deal with the real merits of the controversy.

The decree of the lower court is affirmed. Plaintiff is entitled to her costs and disbursements. The motion for additional attorney fees will be denied.

RAND, C. J., and ROSSMAN and KELLY, JJ., concur.