Argued September 13, affirmed as modified September 28, 1966

# REID *v.* REID

418 P. 2d 517

*Dale Pierson,* Salem, argued the cause for appellant. With him on the brief was J. William Stortz, Salem.

*Bruce W. Williams,* Salem; argued the cause for respondent-cross-appellant. With him on the brief were Williams, Skopil and Miller, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Redding, Justices.

REDDING, J., (Pro Tempore).

This is an appeal by the plaintiff wife from a portion of a decree granting her separation from bed and board for an unlimited period of time, but making no provision for her support. The husband cross-appeals, assigning as error the trial court's failure to grant him a divorce, as prayed for in his answer and counter-suit.

The plaintiff, in her amended and supplemental complaint, asked for support for herself during the period of separation in the amount of $250 per month.

The trial court entered a decree awarding plaintiff a legal separation from bed and board for an unlimited time, the custody of the minor child of the parties and $125 per month for the support and maintenance of the child. The decree also awarded the plaintiff her personal effects, together with a Pontiac automobile, required the defendant to pay medical expenses arising out of the pregnancy of plaintiff and the birth of the child of the parties, and awarded plaintiff attorneys' fees in the total sum of $950. Plaintiff's prayer for maintenance and support for herself was denied, and defendant's prayer for an absolute divorce was denied.

■ We have carefully read the briefs and record herein and are of the opinion that the evidence sustains that portion of the trial court's decree granting the plaintiff a legal separation from the defendant for an indefinite period of time and denying defendant a divorce. As to the provision of the decree denying plaintiff support for herself, we find that under all of the circumstances, such denial was error.

Ordinarily the reviewing court is reluctant to reverse or modify the decree of the trial court in matters of this kind. However, we here find the plaintiff's need so compelling as to warrant a review. This is especially true in view of the trial court's failure to make any provision whatever for plaintiff's support.

Plaintiff and defendant were married on December 25, 1963. At the time of the marriage plaintiff was 33 years old and had never been married before. The defendant was 43 years old and had been married twice before. Except for a period of a few days during the month of February, the parties lived together continuously from the date of the marriage until about March 17, 1964, at which time, because of defendant's cruel and inhuman treatment of her, plaintiff left the defendant and went to live with her mother in Dallas, Oregon. Plaintiff's action in leaving defendant was amply justified. On March 18, 1964, plaintiff filed suit for separation from bed and board and for separate maintenance. The parties attempted to reconcile after the filing of plaintiff's original complaint. In an attempt to induce plaintiff to return to him, defendant, during the period of the separation, visited plaintiff at plaintiff's mother's home several times weekly, took plaintiff to dinner on four or more occasions, took plaintiff on over-night trips to Eastern Oregon, and to the Oregon coast on four occasions.

Plaintiff, relying upon defendant's promises that he would desist from further acts of cruel and inhuman treatment, resumed the marriage relationship and returned to the home of the parties the latter part of June, 1964.

Beginning on July 24 next, the defendant resumed his former course of cruel and inhuman treatment toward plaintiff. Such conduct on defendant's part continued unabated until August 7 of the same year, when plaintiff, again, for good and sufficient cause, left defendant and returned to her mother's home, which was then in Salem, Oregon, and where plaintiff has since resided.

During the month of May, 1964 (when defendant, during an attempted reconciliation, took plaintiff on a two- or three-day fishing trip to Prineville) plaintiff became pregnant. The child was born after the filing of plaintiff's amended and supplemental complaint.

■ At this point it should be noted that while a decree of absolute divorce terminates the marriage, a decree of separation from bed and board or "separate maintenance" does not. The marriage continues as does the husband's duty to support the wife. *Jackson v. Jackson,* 148 Or 307, 36 P2d 178 (1934).

In reviewing the history of allowances for the support of the wife, this court said in *Huffman v. Huffman,* 47 Or 610, at 614, 86 P 593, (1906):

> "* * * In England, prior to 1858, no absolute judicial divorces were granted; but the ecclesiastical courts, assuming jurisdiction of the marital relation, permitted legal separations, which were known as 'a mensa et thoro': Stewart, Mar. & Div. § 200. As an incident of such divorces and based on the husband's duty to support the wife, the church courts granted her, when she was not in

fault, alimony, which consisted of an allowance that was measured by the social standing of the parties, proportioned by the wife's necessities and to the husband's financial ability, usually amounting to one half of their joint income; * * *."

ORS 107.260(3) provides that upon the decree of separation from bed and board the court has the power further to provide "[f]or the recovery from a party at fault such amount of money, in instalments, as may be just and proper for such party to contribute to the maintenance of the other."

■ We turn now to a consideration of plaintiff's need for support and of defendant's financial ability to contribute thereto, factors outlined in *Huffman v. Huffman,* supra, to be considered by the court in awarding support to the party not at fault.

Before the marriage of the parties the plaintiff had been injured in an automobile accident in March, 1959. From this accident she has suffered a deterioration of the spine, aggravated by arthritis. She has worn a brace for her back since the accident and was wearing a brace at the time of the marriage to the defendant. Defendant was aware of plaintiff's physical condition prior to the marriage.

At the time of the marriage, and for approximately four or five years prior thereto, because of her physical disability, plaintiff was unable to work, and had no source of income except for such public assistance as she received. At no time during the marriage or the court proceedings between the parties did she have income from any source. Because of her physical condition, plaintiff, at the time of trial, had no present prospects of employment.

The defendant is an able-bodied, self-employed truck operator. He owns a house and two adjoining

lots in Marion County, subject to an indebtedness of approximately $5,200. He previously owned a Cessna airplane, Model 175, which, approximately 18 months prior to the trial, he turned in to a dealer pursuant to a five-year lease arrangement on a new Cessna plane. The credit he received for the airplane turned in is in the sum of approximately $1,800. He has a boat, motor and trailer, hunting and fishing equipment, pickup and camper, two Honda motorcycles and six gravel trucks, 480 shares of Investors Insurance Corporation, and 1,000 shares of Gold Mack Mines. The gravel trucks are subject to an indebtedness in the approximate sum of $22,000. The record is silent as to the value of the above real and personal property belonging to defendant.

From defendant's federal income tax return for 1964, and from profit and loss statements accompanying such returns for the calendar years 1961 through 1963, it would appear that the defendant enjoyed the following net income before income taxes and before depreciation:

| 1961 | $14,220.90 |
| 1962 | 17,864.67 |
| 1963 | 10,031.25 |
| 1964 | 17,825.56 |

A careful consideration of the record leads us to the conclusion that $175 per month is not only necessary for the support of the plaintiff, but that the defendant is able to pay such sum in addition to the monthly sum of $125 now provided for the support of the child born as issue of the marriage. The decree is modified to so provide. Plaintiff is entitled to her costs and disbursements.

Affirmed as modified.